UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| DEBORAH JENKINS, INDIVIDUALLY AND ON BEHALF OF ANY AND ALL WRONGFUL DEATH BENEFICIARIES OF KRISTINA DUKES, DECEASED (PROBATE PENDING),<br><br>Plaintiffs,<br><br>v.<br><br>COCKE COUNTY, TENNESSEE; ET AL,<br><br>Defendants. | No. 3:25-cv-00087-KAC-DCP |

### ANSWER OF COCKE COUNTY, TENNESSEE, ROB MATHIS, COCKE COUNTY SHERIFF'S OFFICE, C.J. BALL, AND DOUG ATKINS

The defendants, Cocke County, Tennessee, Rob Mathis, Cocke County Sheriff's Office, C.J. Ball, and Doug Atkins, make the following Answer to the plaintiffs' Complaint and would show unto the Court as follows:

1. These defendants deny the allegations of paragraph 1 of the Complaint and generally deny that the plaintiff has any valid cause of action against them.

2. In answer to paragraph 2 of the Complaint, these defendants do not dispute the jurisdiction of the Court but deny that the plaintiffs have any valid cause of action against them and deny that these defendants violated any constitutional rights of Katrina Dukes (incorrectly named in the Complaint as Kristina Dukes).

3. In answer to paragraph 3 of the Complaint, these defendants do not dispute the jurisdiction of the Court but deny that the plaintiffs have any valid cause of action against them and deny that these defendants violated any constitutional rights of Katrina Dukes. These defendants assert that the Court should decline supplemental jurisdiction.

4. These defendants deny the allegations of paragraph 4 of the Complaint as stated and deny that Rob Mathis, C.J. Ball, or Doug Atkins took any actions in relation to Katrina Dukes but admit that any of their acts would have been taken under color of law.

5. These defendants deny the allegations of paragraph 5 of the Complaint to the extent that it asserts that these defendants committed any wrongs.

6. These defendants admit the allegations of paragraph 6 of the Complaint.

7. These defendants lack sufficient information to admit or deny the allegations of paragraph 7 of the Complaint.

8. These defendants admit the first sentence of paragraph 8 of the Complaint. These defendants deny the remaining allegations of paragraph 8 of the Complaint as stated.

9. These defendants admit that the Cocke County Sheriff's Office is a subdivision of Cocke County operated by the duly elected Sheriff of Cocke County. These defendants deny that the Cocke County Sheriff's Office is a separate suable entity and generally deny that it is subject to suit or service of process.

10. These defendants admit the allegations of paragraph 10 of the Complaint except to the extent that it is alleged that Sheriff Ball is a final policymaker for Cocke County for any actions beyond those relating to the operations of the Sheriff's Office and Jail.

11.-18. The allegations of paragraphs 11 through 18 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

19. These defendants deny that Mayor Rob Mathis had responsibility for the care and maintenance of the Cocke County Jail but generally admit the remaining allegations of paragraph 19 of the Complaint.

2

20.-22. The allegations of paragraphs 20 through 22 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

23. In answer to paragraph 23 of the Complaint, these defendants deny that Chief Deputy Doug Atkins had responsibility for the operation and oversight of the Jail but generally admit the remaining allegations of paragraph 23 of the Complaint.

24.-30. The allegations of paragraphs 24 through 30 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

31. These defendants deny the allegations of paragraph 31 of the Complaint.

32. These defendants deny the allegations of paragraph 32 of the Complaint.

33. These defendants deny the allegations of paragraph 33 of the Complaint.

34. These defendants deny the allegations of paragraph 34 of the Complaint.

35.-45. On information and belief, these defendants admit that Katrina Dukes was treated at the Emergency Room at Newport Medical Center on the afternoon/evening of February 29, 2024 and was subsequently arrested in the parking lot for public intoxication and brought to the Cocke County Jail, but these defendants lack sufficient information to admit or deny the remaining allegations of paragraphs 35 through 45 of the Complaint, and strict proof thereof is demanded.

46. These defendants admit the allegations of paragraph 46 of the Complaint and assert that the Intake Medical Form speaks for itself.

47. These defendants admit the allegations of paragraph 47 of the Complaint.

48. These defendants admit the allegations of paragraph 48 of the Complaint.

49. These defendants admit the allegations of paragraph 49 of the Complaint.

50. These defendants admit the allegations of paragraph 50 of the Complaint.

51. These defendants lack sufficient information to admit or deny the allegations of paragraph 51 of the Complaint.

52. These defendants admit the allegations of paragraph 52 of the Complaint.

53. These defendants admit the allegations of paragraph 53 of the Complaint.

54. These defendants admit the allegations of paragraph 54 of the Complaint.

55. These defendants admit the allegations of the first sentence of paragraph 55 of the Complaint. These defendants lack sufficient information to admit or deny the remaining allegations of paragraph 55 of the Complaint

56.-61. These defendants lack sufficient information to admit or deny the allegations of paragraphs 56 through 61 of the Complaint, and strict proof thereof is demanded.

62. The allegations of paragraph 62 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

63. These defendants deny the allegations of the first sentence of paragraph 63 of the Complaint. These defendants lack sufficient information to admit or deny the remaining allegations of paragraph 63 of the Complaint.

64. In answer to paragraph 64 of the Complaint, these defendants admit that Katrina Dukes had previously been arrested on multiple occasions, and these defendants assert that some of those prior arrests were related to drug use or drug charges. These defendants deny all allegations of paragraph 64 of the Complaint inconsistent with the foregoing.

65. These defendants deny the allegations of paragraph 65 of the Complaint as addressed to these defendants.

66.-85. These defendants deny the allegations of paragraphs 66 through 85 of the Complaint

to the extent addressed to these defendants.

86. The allegations of paragraph 86 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

87.-89. These defendants deny the allegations of paragraphs 87 through 89 of the Complaint.

90. The allegations of paragraph 90 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

91.-94. These defendants deny the allegations of paragraphs 91 through 94 of the Complaint.

95. The allegations of paragraph 95 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

96. In answer to paragraph 96 of the Complaint, these defendants assert that the Tennessee statute speaks for itself but deny that it creates any private right of action, and these defendants deny all remaining allegations of paragraph 96 of the Complaint.

97. These defendants deny the allegations of paragraph 97 of the Complaint.

98. In answer to paragraph 98 of the Complaint, these defendants assert that the Tennessee statute speaks for itself but deny that it creates any private right of action, and these defendants deny all remaining allegations of paragraph 98 of the Complaint.

99. In answer to paragraph 99 of the Complaint, these defendants assert that the Tennessee statute speaks for itself but deny that it creates any private right of action, and these defendants deny all remaining allegations of paragraph 99 of the Complaint.

100. These defendants deny the allegations of paragraph 100 of the Complaint.

101. The allegations of paragraph 101 of the Complaint do not require a further answer.

102.-105. These defendants deny the allegations of paragraphs 102 through 105 of the

Complaint to the extent addressed to these defendants.

106. These defendants deny the allegations of paragraph 106 of the Complaint as stated.

107.-112. The allegations of paragraphs 107 through 112 of the Complaint are not addressed to these defendants and fail to state a claim as to these defendants.

113. The allegations of paragraph 113 of the Complaint do not require a further answer, and these defendants rely upon their prior answers.

114. These defendants deny the allegations of paragraph 114 of the Complaint to the extent addressed to these defendants.

115. These defendants deny that the plaintiffs are entitled to recover any damages or other relief as to these defendants.

116. These defendants deny all allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

117. Although County Mayor Rob Mathis is named as a defendant in the style of the case, the Complaint fails to assert any allegations against him, and the Complaint against him should be dismissed for failure to state a claim.

118. Although the Complaint names Sheriff C.J. Ball and Chief Deputy Doug Atkins as defendants in this matter, the Complaint fails to set forth any facts to establish their involvement in this matter or any basis for them to be held individually liable. These defendants assert that the claims against them individually should be dismissed for failure to state a claim.

119. To the extent that it is determined that the Complaint states any claim against County Mayor Rob Mathis, Sheriff C.J. Ball, or Chief Deputy Doug Atkins, these defendants assert that they are entitled to qualified immunity inasmuch as they took no action that would have violated the

6

constitutional rights of Katrina Dukes, and reasonable persons in their positions would not have believed that their actions would be deemed to be a violation of her constitutional rights under clearly established law. Further, these defendants took no actions that could be deemed to be a basis for them to be held liable under state law and the are entitled to qualified immunity as to any state law claim asserted against them.

120. The defendants assert that the Complaint fails to state any claim for any state law violations and merely references certain state statutes that do not create a private right of action.

121. These defendants assert that the Complaint was not timely served upon them as required by the Federal Rules of Civil Procedure.

Having fully answered the Complaint, these defendants assert that the Complaint should be dismissed against them at the cost of the plaintiffs and request all other relief to which they are entitled. In the alternative, these defendants request a jury to hear this action. These defendants reserve the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court.

Respectfully submitted,

 s/ Jeffrey M. Ward
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for defendants, Cocke County, Tennessee, Rob Mathis, Cocke County Sheriff's Office, C.J. Ball, and Doug Atkins

7